USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Rikers West Facility Coordinated Cases

*This filing relates to*:
Coordinated Case 25 Civ. 4535

25 Civ. 4535 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Mark Russell, moves for preliminary and permanent injunctive relief against Defendant, the City of New York (the "City") and requests that the Court order the City to take the following actions:

1. Restrain from "any and all forms(s) of retaliation" and from "restricting [persons in custody] from forwarding privileged/legal mail to authorized destinations";
2. Replace and discontinue use "of a[n] unauthorized garden hose as a drinking faucet in []West Facility Yard";
3. Allow persons in custody "to utilize the gym during inclement[] weather";
4. "[P]rovide daily constant sanitation"; and
5. "[C]omply with all constitutional adherences as mandated in reference to the very cause for this civil action."

Mot. at 4, ECF No. 31; *see also* Opp., ECF No. 52; ECF Nos. 56–60 (Plaintiff's supplemental submissions).[1] For the reasons stated below, Plaintiff's motion is denied.

**BACKGROUND**

Plaintiff is one of twenty *pro se* individuals who are either currently or formerly detained at Rikers Island West Facility Annex ("West Facility") and have filed identical, or near identical

[1] Although the Court has accepted certain supplemental submissions as further support of Plaintiff's motion, *see* ECF No. 62 (accepting ECF Nos. 56–60 as supplemental submissions), the Court, in its discretion, does not consider the other numerous submissions filed by Plaintiff in support of his motion, *see, e.g.*, ECF Nos. 66–68, 70, 73–76,

complaints, coordinated under the above case caption by the Honorable Barbara C. Moses. *See* Compl. at 1, ECF No. 1; Coordination Order, ECF No. 19.

While detained at West Facility, Plaintiff was in the custody of the New York City Department of Correction ("DOC"). *See* Georgy Decl. ¶ 3, ECF No. 53. In his complaint, Plaintiff alleges that his constitutional rights are being violated by the conditions at West Facility including that: the "recreation yard at West Facility has no working toilets, urinal stations []or running water"; "[a]ll the toilets are filed with urine and feces" with "smells so horrible . . . due to lack of proper maintenance"; food is "constantly mishandled" and "cross-contaminat[ed] by the stacking of filled trays on top of one another, poor hygiene, . . . improper [pro]tective wear[,] . . . [and] roaches, field mice, cockroaches, racoons, birds[,] and droppings"; there are not enough seats for people to eat; there are no "laundry services"; the shower water temperature is "hot and extremely unb[e]arable," there are "no safety mats to prevent slips and falls," and insects, like maggots, are coming out of the shower drains; there are "no 'urinal dividers' for privacy"; mail and packages, including legal mail irregularly comes in and out of West Facility; and the individuals detained in West Facility are denied "mandatory recreation" outside. *See* Compl. at 1–6.

The City claims that there are trained officers who conduct routine inspections or remain on-site to ensure that West Facility is properly cleaned, sanitized, and maintained. *See* Georgy Decl. ¶¶ 12–14; Opp. at 1–2. The City further alleges that "DOC's health care partner . . . is available to address any medical needs for persons in custody," there is a dedicated system in

82–85, 88–89 (additional submissions). As Judge Moses previously advised Plaintiff, "[t]he Court has some discretion to accept supplemental filings from pro se plaintiffs[; h]owever, that discretion is not unbounded, and has already been stretched beyond its limits in this case." ECF No. 79 at 3; *see id.* (advising Plaintiff that "unauthorized supplemental or out-of-sequence submissions may be stricken or otherwise disregarded").

place to process incoming and outgoing mail, and individuals in custody can report any issues through an established grievance procedure. *See* Georgy Decl. ¶¶ 9–10, 18, 20–22.

By letter dated April 27, 2026, Plaintiff notified the Court of his changed address, to Ulster Correctional Facility in Napanoch, New York. *See* ECF No. 90.

**DISCUSSION**

I. <u>Legal Standard</u>

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). To obtain such relief, a plaintiff must show: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *UBS Fin. Servs., Inc. v. W. Virginia Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (internal quotation marks and citation omitted). Where, as here, Plaintiff seeks a mandatory injunction that would alter the status quo by commanding that the City take positive acts, the burden of persuasion is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). A mandatory preliminary injunction, therefore, "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (citation omitted).

The Court "liberally construe[s]" documents filed *pro se* and holds such documents to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* submissions are

interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006) (citation omitted). However, *pro se* status "does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007).

II. Analysis

First, liberally construing Plaintiff's submissions, although some of the relief Plaintiff now seeks relates to the claims alleged in the complaint, *see e.g.*, Mot. at 1, 4 (for example, relief related to alleged failures to receive mail, sanitation issues, and refusal to provide partitions for urinals), Plaintiff also seeks relief from alleged actions not included in the complaint, *see, e.g.*, *id.* at 1, 4 (for example, relief from alleged issues with water safety, transportation, screens in housing units, medical care, and long wait times for visitors). The Court "lacks jurisdiction to order relief where a motion for a temporary restraining order and/or preliminary injunction 'presents issues which are entirely different from those which were alleged in the original complaint,'" and accordingly, does not consider the new issues Plaintiff presents in his motion. *Dennis v. K&L Gates LLP*, No. 20 Civ. 9393, 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025) (alterations adopted) (quoting *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985)).

Second, as to relief related to the allegations in the complaint, the Court need not reach the merits of Plaintiff's motion. His claims concern the conditions at West Facility, but he has since been transferred to Ulster Correctional Facility. Therefore, his claims for injunctive and declaratory relief against the City are now moot. *See Cox v. Gusman*, No. 20 Civ. 7381, 2023 WL 348122, at *2 (S.D.N.Y. Jan. 20, 2023) ("A prisoner's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials of that facility."

(citing *Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020) and *Walker v. City of New York*, 367 F. Supp. 3d 39, 51 (S.D.N.Y. 2019)).

Finally, the Court advises Plaintiff that to the extent he seeks relief on behalf of other individuals detained at West Facility, including those who are plaintiffs in other coordinated cases pending before the Court, he is not permitted to do so. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) ("A pro se litigant . . . is not empowered to proceed on behalf of anyone other than himself.")

**CONCLUSION**

For the reasons stated above, Plaintiff's motion for injunctive relief is DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiffs *pro se* and to terminate the motions at ECF Nos. 31, 56, 58, 59, 70.

SO ORDERED.

Dated: July 6, 2026
New York, New York

ANALISA TORRES
United States District Judge